UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALFREDO ROMAN,<br><br>             Plaintiff,<br><br>    v.<br><br>RANDY BLADES and BRIAN KLINGENSMITH,<br><br>             Defendants. | Case No. 1:15-cv-00241-BLW<br><br>**INITIAL REVIEW ORDER** |

The Clerk of Court conditionally filed Plaintiff Alfredo Roman's Complaint as a result of his status as an Idaho state prisoner. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order requiring Plaintiff to file an amended complaint if he intends to proceed.

REVIEW OF COMPLAINT

1.    **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC), currently incarcerated at Idaho State Correctional Center (ISCC). Plaintiff

**INITIAL REVIEW ORDER - 1**

alleges that on March 7, 2015, he was given a urinalysis test at ISCC. The urine test was "properly stored until it was shipped by Fed Ex to the Redwood Toxicology Lab on March 10, 2015." (Compl., Dkt. 2, at 5.) The laboratory sent an email to IDOC staff on March 18, 2015, stating that Plaintiff's urine sample tested positive for "THC (marijuana)." ISCC medical staff then verified that Plaintiff had not been prescribed any medication that could have resulted in a positive urine test. (*Id.*)

Based on Plaintiff's urine test, ISCC investigative officer Maes issued Plaintiff a Disciplinary Offense Report ("DOR") for "possession of drugs . . . in a secure facility." Lieutenant Ross approved the DOR, and, at 9:15 p.m. on March 18, 2015, Plaintiff was served with the DOR. On March 19, 2015, less than 24 hours later, Defendant Klingensmith called for a hearing on Plaintiff's DOR. (*Id.*) According to Plaintiff, IDOC policy provides that an inmate served with a DOR must be provided at least 24 hours to prepare for the hearing. Plaintiff asked for a continuance, which was granted. Defendant Klingensmith rescheduled the hearing for 9:30 a.m. on March 20, 2015. (*Id.*)

At the hearing, Plaintiff reviewed the laboratory report on the urinalysis test, but Defendant Klingensmith allegedly allowed Plaintiff only a "cursory review," before Klingensmith "reached over with an act of ascendency of his dominion and took [the report] from Plaintiff's hands." (*Id.* at 6.) Defendant Klingensmith conducted the hearing, read the DOR into evidence, and found Plaintiff guilty of the DOR. Plaintiff states that he is not certain that Klingensmith established a proper chain of custody. Plaintiff was

**INITIAL REVIEW ORDER - 2**

sentenced to 30 days detention, presumably in a restrictive housing unit, as well as restitution of $13.50 as reimbursement for the cost of the urinalysis test.

Plaintiff appealed the DOR, arguing that he was not allowed an adequate review of the lab report, that he was not given enough time to prepare a defense, and that he was not notified, prior to the hearing, of the amount of restitution that he could be required to pay if found guilty of the DOR. Plaintiff states that, pursuant to IDOC policy, restitution for costs relating to a DOR can be required "when requested in the DOR content." (*Id*. at 9.) Defendant Warden Randy Blades affirmed the DOR, stating, "The UA reading is difficult to dispute. The DOR is affirmed based on the body of DOR and evidence of the report." (*Id*. at 7 & Ex. 2.)

Plaintiff claims that after he served his 30-day sentence in detention, he was reclassified as a close custody prisoner and spent an additional 17 days as a close custody inmate "with that level's liberty and property interest." (*Id*. at 2.) IDOC officials deducted the $13.50 in restitution from Plaintiff's prison trust account.

Plaintiff claims that pursuant to IDOC policy, as well as an order in *Balla v. Idaho*, Case No. 1:81-cv-01165-BLW, he was entitled to certain procedural due process protections in connection with the DOR. Plaintiff alleges he was not provided with these required protections. He seeks monetary, injunctive, and declaratory relief. (*Id*. at 12.)

2.   **Standard of Law for Summary Dismissal**

The Court is required to review complaints filed in forma pauperis, or complaints filed by prisoners seeking relief against a governmental entity or an officer or employee

**INITIAL REVIEW ORDER - 3**

of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute.[1] To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Prison officials generally are not liable for damages in their individual capacities under §

---

[1] Although Plaintiff also states that he is bringing claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (see Dkt. 2 at 1), *Bivens* applies only to suits against *federal*, not state, officials. Thus, the Court construes Plaintiff's Complaint as asserting only claims under 42 U.S.C. § 1983.

**INITIAL REVIEW ORDER - 4**

1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). This causal connection "can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (internal quotation marks, citation, and alterations omitted).

Plaintiff has not alleged sufficient facts to proceed with his Complaint. The Court will grant Plaintiff 30 days to amend his Complaint, however. Any amended complaint must comply with the following standards.

3.   **Due Process Claims**

Plaintiff asserts procedural due process claims under the Fourteenth Amendment. The Due Process Clause prohibits the government from depriving an individual of a liberty or property interest without following the proper procedures for doing so. *Wolff v. McDonnell*, 418 U.S. 539, 558-66 (1974).

**INITIAL REVIEW ORDER - 5**

### A.     *Liberty Interest Claim Regarding Segregation*

Plaintiff claims that he was not provided with adequate time to prepare for his DOR hearing, that the urine sample was not shown to have had an appropriate chain of custody, and that Plaintiff was only allowed a cursory review of the lab report. Plaintiff claims that, therefore, the DOR proceedings improperly deprived him of liberty without due process.

To succeed on a procedural due process claim regarding disciplinary proceedings in prison, a plaintiff must establish (1) that he possessed a liberty interest in avoiding discipline and (2) that the defendants deprived him of that interest as a result of insufficient process. The Supreme Court has held that a prisoner possesses a liberty interest under the federal Constitution only if a change occurs in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A district court considering whether an inmate possesses such a liberty interest must analyze three factors: (1) whether disciplinary segregation was essentially the same as discretionary forms of segregation [such as administrative segregation and protective custody]; (2) whether a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) whether the length of the plaintiff's sentence was affected. *Id*. at 486-87. If these factors are not met, a court may find that there is no liberty interest in not being placed in disciplinary segregation, which results in a prisoner not being entitled to sue prison

**INITIAL REVIEW ORDER - 6**

officials for due process violations arising from the disciplinary hearing. Applying these factors in *Sandin*, the Supreme Court determined that a prisoner lacked a protectable liberty interest in avoiding 30 days of confinement in disciplinary segregation. *Id*. at 487.

If a prisoner possesses a protectable liberty interest with respect to prison disciplinary proceedings, then a court must consider to what process the prisoner was due. This determination must be made on a case-by-case basis. *Wolff v. McDonnell*, 418 U.S. 539, 560 (1974) ("Consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.") (internal quotation marks and alteration omitted). The Due Process Clause requires that the inmate receive notice of the charges against him and an opportunity to respond. *See Mathews v. Eldridge*, 424 U.S. 319, 348 (1976).

Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of (1) the charges, (2) the evidence against him, and (3) the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-66. An inmate has a right "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566.

Plaintiff has not alleged specific facts giving rise to a plausible inference that he possessed a liberty interest in avoiding 47 days of segregation in a restricting housing unit. Plaintiff has not described the conditions of the housing unit to which he was confined, nor has he offered a comparison of the differences between that unit and

**INITIAL REVIEW ORDER - 7**

general population. Further, even assuming that Plaintiff possessed a liberty interest in avoiding segregation, he has not shown that he was not afforded due process. Plaintiff was given notice of the charge and an opportunity to review the evidence at the hearing. Plaintiff does not allege that he was denied the opportunity to present his case or to present evidence at the hearing.

Plaintiff should keep these standards in mind if he intends to file an amended complaint.

### B.   *Property Interest Claim Regarding Restitution Order*

Plaintiff claims that he was also deprived of $13.50 in violation of the Due Process Clause because he was not notified in the DOR that he could be required to reimburse the IDOC in that amount if found guilty of the DOR.

It is well-established that a prisoner retains a property right in the money in his prison trust account. *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985). Before a state or one of its departments can take money from a prisoner's trust account, it must have provided him with due process of law. As noted above, however, due process is a flexible concept and calls for such procedural protections as the particular situation demands. *Mathews*, 424 U.S. at 334.

As to the first *Mathews* factor, while Plaintiff has a private interest in the money in this trust account, that interest is not as compelling as a non-incarcerated person's interest in controlling his or her own bank account. A prisoner's management of a trust account can be limited by numerous reasonable restrictions. *See, e.g., Foster v. Hughes*, 979 F.2d

**INITIAL REVIEW ORDER - 8**

130, 132-33 (8th Cir. 1992) (holding that prisoners have no right to place their money in interest bearing accounts). More generally, a prisoner's constitutional rights are subject to regulations that bear a reasonable relationship to the legitimate penological needs of the prison. *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Next, the risk of an erroneous deprivation of Plaintiff's money was minimized by the procedures used in this case. This is not a case in which a prisoner's funds were seized without any advance notice or an opportunity to be heard. Plaintiff acknowledges that IDOC policy specifically states that an inmate found guilty of a DOR may be required to pay restitution for costs associated with that DOR. Therefore, Plaintiff had notice that he could be required to reimburse the IDOC for the cost of the urinalysis test, and he had an opportunity at the DOR hearing to present a defense to the drug charge. Although Plaintiff alleges that Defendants violated their own policy by not explicitly stating in Plaintiff's DOR that he could be subjected to a restitution order of $13.50, a prison need not comply with its "own, more generous procedures" so long as minimum constitutional due process requirements are met. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin*, 515 U.S. 472; *see also Huron Valley Hosp. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) ("[Section 1983] is thus limited to deprivations of *federal* statutory and constitutional rights. It does not cover official conduct that allegedly violates state law.")

Finally, the government has a compelling interest in seeing that the costs of enforcing its prison disciplinary rules, and of punishing inmates who take illegal drugs,

**INITIAL REVIEW ORDER - 9**

are reimbursed in an orderly and efficient manner. This interest is legitimate, and ordering restitution is reasonably related to that legitimate penological interest. For these reasons, the Court concludes that the Complaint fails to state a claim upon which relief may be granted with respect to Plaintiff's property interest claim.

4.     **Claims Based on Court Order in *Balla v. Idaho***

In addition to Plaintiff's argument that the Constitution and IDOC policy required additional procedural protections with respect to Plaintiff's DOR proceedings, he also claims that such protections were required by an order in the separate class action case of *Balla v. Idaho*. However, any argument that the IDOC is not complying with a court order in another case cannot be brought in a separate action but must instead be asserted in the original action, through class counsel.

5.     **Standards for Amended Complaint**

If Plaintiff chooses to amend his § 1983 complaint, he must demonstrate how the actions complained of have resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient . . . ." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual

enhancement." (internal quotation marks and alteration omitted)). Rather, the complaint must allege in specific terms the following: (1) the particular governmental policy or custom which caused the deprivation of his constitutional rights or the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights; (2) the dates on which the conduct of each defendant allegedly took place; and (3) the specific conduct or action Plaintiff alleges is unconstitutional.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading, and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended"); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff shall set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

**INITIAL REVIEW ORDER - 11**

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 30 days, or if his amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED** that Plaintiff shall have **30 days** within which to file an amended complaint as described above. If Plaintiff does so, he must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 30 days, his case may be dismissed without further notice.

DATED: November 12, 2015

B. Lynn Winmill  
Chief Judge  
United States District Court

**INITIAL REVIEW ORDER - 12**